UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRI MICHELLE MOORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 2:25-cv-00390-CSK<br><br>ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 10, 12) |

Plaintiff Jerri Michele Moore seeks judicial review of a final decision by Defendant Commissioner of Social Security denying an application for supplemental security income.[1] In the summary judgment motion, Plaintiff contends the final decision of the Commissioner contains legal error and is not supported by substantial evidence. Plaintiff seeks a finding of disability and an award of benefits. The Commissioner opposes Plaintiff's motion, filed a cross-motion for summary judgment, and seeks affirmance.

For the reasons below, Plaintiff's motion is GRANTED, the Commissioner's cross-motion is DENIED, and the final decision of the Commissioner is REVERSED AND REMANDED for further proceedings.

///

---

[1] This action was referred to the magistrate judge under Local Rule 302(c)(15) and proceeds on the consent of all parties. (ECF Nos. 3, 7, 8.)

I. **SOCIAL SECURITY CASES: FRAMEWORK & FIVE-STEP ANALYSIS**

The Social Security Act provides benefits for qualifying individuals unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(a). When an individual (the "claimant") seeks Social Security disability benefits, the process for administratively reviewing the request can consist of several stages, including: (1) an initial determination by the Social Security Administration; (2) reconsideration; (3) a hearing before an Administrative Law Judge ("ALJ"); and (4) review of the ALJ's determination by the Social Security Appeals Council. 20 C.F.R. § 416.1400(a).

At the hearing stage, the ALJ is to hear testimony from the claimant and other witnesses, accept into evidence relevant documents, and issue a written decision based on a preponderance of the evidence in the record. 20 C.F.R. § 416.1429. In evaluating a claimant's eligibility, the ALJ is to apply the following five-step analysis:

> **Step One**: Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to step two.
>
> **Step Two**: Does the claimant have a "severe" impairment? If no, the claimant is not disabled. If yes, proceed to step three.
>
> **Step Three**: Does the claimant's combination of impairments meet or equal those listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1 (the "Listings")? If yes, the claimant is disabled. If no, proceed to step four.
>
> **Step Four**: Is the claimant capable of performing past relevant work? If yes, the claimant is not disabled. If no, proceed to step five.
>
> **Step Five**: Does the claimant have the residual functional capacity to perform any other work? If yes, the claimant is not disabled. If no, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. § 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the ALJ finds a claimant not disabled, and the Social Security Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. *Brewes v. Comm'r.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (noting the Appeals Council's denial of review is a non-final agency action). At that point, the claimant may seek judicial review of the

Commissioner's final decision by a federal district court. 42 U.S.C. § 405(g).

The district court may enter a judgment affirming, modifying, or reversing the final decision of the Commissioner. *Id.* ("Sentence Four" of § 405(g)). In seeking judicial review, the plaintiff is responsible for raising points of error, and the Ninth Circuit has repeatedly admonished that the court cannot manufacture arguments for the plaintiff. *See Mata v. Colvin*, 2014 WL 5472784, at *4 (E.D. Cal, Oct. 28, 2014) (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that the court should "review only issues which are argued specifically and distinctly," and noting a party who fails to raise and explain a claim of error waives it).

A district court may reverse the Commissioner's denial of benefits only if the ALJ's decision contains legal error or is unsupported by substantial evidence. *Ford*, 950 F.3d. at 1154. Substantial evidence is "more than a mere scintilla" but "less than a preponderance," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The court reviews evidence in the record that both supports and detracts from the ALJ's conclusion, but may not affirm on a ground upon which the ALJ did not rely. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The ALJ is responsible for resolving issues of credibility, conflicts in testimony, and ambiguities in the record. *Ford*, 950 F.3d at 1154. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation, or where any error is harmless. *Id.*

## II. FACTUAL BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS

On August 3, 2023, Plaintiff applied for supplemental security income under Title XVI of the Social Security Act, alleging she has been disabled since March 15, 2020. Administrative Transcript ("AT") 156-90 (available at ECF No. 19). Plaintiff claimed disability due to depression, anxiety, bipolar disorder, and a torn rotator cuff in the right shoulder. AT 202. Plaintiff's applications were denied initially and upon reconsideration; she sought review before an ALJ. AT 55-63, 64-74, 92-95. Plaintiff appeared with a representative at an October 30, 2024 hearing before an ALJ, where Plaintiff testified

3

about her impairments and a vocational expert testified about hypothetical available jobs in the national economy. AT 33-54.

On March 22, 2021, the ALJ issued a decision finding Plaintiff was not disabled. AT 17-28. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 3, 2023, the application date. AT 20. At step two, the ALJ determined Plaintiff had the following severe impairments: rotator cuff arthropathy, osteoarthritis, and tendinopathy of the right shoulder. *Id.* At step three, the ALJ found Plaintiff's combination of impairments did not meet or medically equal any Listing. AT 22 (citing 20 C.F.R Part 404, Subpart P, Appendix 1). Relevant here, the ALJ considered Listing 1.18 (abnormality of a major joint(s) in any extremity) for Plaintiff's physical impairments, and examined the "Paragraph B" criteria for the mental impairments.[2] AT 20-23. The ALJ found Plaintiff mildly limited in understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself. AT 20-22.

The ALJ then found Plaintiff had the residual functional capacity to perform light work (20 C.F.R. § 416.967(b)), except that Plaintiff:

> [I]s limited to no overhead reaching with the right, dominant upper extremity. She cannot climb ladders or scaffolds. She cannot work around unprotected heights. She must avoid concentrated exposure to moving mechanical parts. In addition, she is limited to no commercial driving.

AT 23. In crafting this residual functional capacity, the ALJ stated she considered Plaintiff's symptom testimony to the extent the symptoms are consistent with the objective medical evidence and other evidence, the medical opinions, and prior administrative medical findings. *Id.*

---

[2] "Paragraph B" lists four categories for evaluating how a claimant's mental disorders limit their functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. To be found disabled under the Paragraph B categories, the mental disorder must result in an "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders, sub. A.2.b.

Based on the residual functional capacity, the ALJ determined at step four that Plaintiff had no past relevant work. AT 26. However, at step five, the ALJ found Plaintiff capable of performing other jobs in the national economy, including: (i) storage-facility rental clerk, light, unskilled, SVP 2, with approximately 61,000 jobs nationally; (ii) fund raiser II, light, unskilled, SVP 2, with approximately 46,000 jobs nationally; and (iii) parking-lot attendant, light, unskilled, SVP 2, with approximately 32,000 jobs nationally.[3] AT 27. Thus, the ALJ found Plaintiff not disabled during the relevant period. *Id.*

On December 31, 2024, the Appeals Council rejected Plaintiff's appeal. AT 1-6. Plaintiff filed this action requesting judicial review of the Commissioner's final decision, and the parties filed cross-motions for summary judgment. (ECF Nos. 1, 10, 12.)

### III.     ISSUES PRESENTED FOR REVIEW

Plaintiff contends the ALJ erred by failing to: (A) adequately address Plaintiff's right shoulder rotator cuff arthropathy, osteoarthritis, and tendinopathy in the residual functional capacity; (B) properly evaluate the medical opinion of Dr. William Pistel; (C) use the proper criteria to determine Plaintiff's age and not considering the "borderline age" as a factor; (D) provide clear and convincing reasons to disregard Plaintiff's statements; (E) meet his burden of proof at step five; and (F) develop the record as to mental illness. Pl. MSJ (ECF No. 10). Plaintiff seeks an award of benefits. (ECF Nos. 10, 13.)

The Commissioner argues: (A) substantial evidence supports the ALJ's assessment of the medical opinion evidence; (B) Plaintiff fails to allege error with respect

---

[3] "Light" in the ALJ's step-five determination references light work, as defined by 20 C.F.R. § 416.967(b).
    "SVP" is "specific vocational preparation," defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." *See* DOT, App. C, § II, available at 1991 WL 688702.
    Reasoning Levels in the Social Security context range from Level One (simplest) to Level Six (most complex). *See Rounds v Comm'r*, 807 F.3d 996, 1003 (9th Cir. 2015) (citing DOT, App. C, § III, 1991 WL 688702).

5

to borderline age; (C) substantial evidence supports the ALJ's assessment of the subjective evidence; (D) the Court should reject Plaintiff's dependent step five argument; and (E) substantial evidence supports the ALJ's finding that Plaintiff's mental impairments were non-severe. Def. MSJ (ECF No. 12). Thus, the Commissioner contends the decision as a whole is supported by substantial evidence and should be affirmed. *Id.*

## IV.  DISCUSSION

Because the Court concludes that remand is necessary, the Court limits its analysis to two issues—Step Five age issue and categorization of Plaintiff's treatment as conservative—and declines to reach the parties' remaining arguments.

### A.  Step Five

Plaintiff makes two arguments related to Step Five. Plaintiff argues that the ALJ did not meet his burden of proof at Step Five, and that the ALJ used the wrong criteria to determine age. Pl. MSJ at 11-12, 13-14. The Court limits its analysis to the age issue.

Plaintiff argues that the ALJ used the wrong criteria to determine Plaintiff's age. Pl. MSJ at 11-12. The ALJ found that Plaintiff "was born on December 6, 1974 and was 48 years old, which is defined as a younger individual age 18-49, on the date the application was filed." AT 26. Plaintiff notes that the ALJ should have used the date of the decision (November 26, 2024) when determining Plaintiff's age. Pl. MSJ at 11; *see Campbell v. Astrue*, 2011 WL 1459168, *3 (E.D. Cal. April 15, 2011) ("[T]he operative age is the age at the time of the Commissioner's decision, rather than the alleged onset disability date." (citing *Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988)). On that date, Plaintiff was less than two weeks from her 50th birthday. AT 26. Plaintiff argues that the ALJ erred by not acknowledging the borderline age issue, and the failure to do so was harmful error. Pl. MSJ at 11. Defendant does not contest that the ALJ did not conduct the borderline age analysis, but contends that the borderline age analysis only needs to be performed if using the older age category would result in a finding of disability. Def. MSJ at 11. Because Plaintiff had a high school education, no past relevant work and

was limited to a range of light work, Defendant argues that Plaintiff would still be found "not disabled" under the Grids if she was considered a person closely approaching advanced age. *Id.* (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.13).

### 1. Legal Standards

At Step Five, the ALJ must determine whether there are a significant number of jobs available for the claimant in the national economy considering the claimant's age, education, work experience, and residual functional capacity. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 404.1560(c). In determining what constitutes a significant number of jobs, the Ninth Circuit has characterized 25,000 national jobs as "a close call" but ultimately sufficient. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014). An ALJ's determination as to whether work exists in significant numbers must be supported by "substantial evidence," which "is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 522 (quotation marks and citation omitted).

At Step Five, where a plaintiff has established that they are unable to perform any past relevant work, the burden shifts to the Commissioner to demonstrate that "the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (quoting *Tackett*, 180 F.3d at 1100). Because "age is one of the factors that must be considered," the Commissioner "faces a more stringent burden when denying disability benefits to older claimants." *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990); *see also* 20 C.F.R. § 416.963(a). The Commissioner can meet this burden in one of two ways: "(a) by the testimony of a vocational expert, or (b) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app.2," or the Grids. *Tackett*, 180 F.3d at 1101.

Social Security regulations place claimants into one of three categories: "younger

persons (those persons under age 50), persons closely approaching advanced age (those persons age 50-54), and persons of advanced age (those persons age 55 or older)." *Lockwood*, 616 F.3d at 1069 (citing 20 C.F.R. § 404.1563, the Title II equivalent of 20 C.F.R. § 416.963). These categories are not to be applied in a rigid manner. *Id*. As the Regulations provide:

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. §§ 404.1563(b), 416.963(b).

A borderline situation is created "[w]here a claimant is within a few days or a few months of reaching an older age category." *Lockwood*, 616 F.3d at 1069. When faced with a borderline situation, an ALJ must consider whether to use an older age category; but "there is no requirement that the ALJ explain in [his] written decision why [he] did not use an older age category." *Id.* at 1070. An ALJ's decision must still consider the claimant's age at the time of the decision, and must reflect the ALJ's consideration of the claimant's borderline age. *See Little v. Berryhill*, 690 F. App'x 915, 917 (9th Cir. 2017) (citing *Lockwood*, 616 F.3d at 1071-72).

In *Lockwood*, the Ninth Circuit found that the ALJ had satisfied the consideration requirement because: (1) the ALJ mentioned the plaintiff's age as of the date of decision; (2) the ALJ cited 20 C.F.R. § 404.1563, which prohibits the mechanical application of age categories in borderline situations; and (3) "the ALJ 'evaluat[ed] the overall impact of all the factors of [the plaintiff's] case' when the ALJ relied on the testimony of a vocational expert before she found [the plaintiff] was not disabled." *Lockwood*, 616 F.3d at 1071-72. Courts look to the three factors identified by *Lockwood* to determine whether there is sufficient evidence to find that the ALJ considered the borderline age issue. *See, e.g.*, *Janice B. R. v. Saul*, 2019 WL 4140921, at *3-4 (C.D. Cal. Aug. 29, 2019) (collecting cases).

2.  Analysis

Here, the ALJ failed to mention Plaintiff's age on the date of the decision (November 26, 2024), which was less than two weeks from Plaintiff's 50th birthday. Rather, the ALJ erroneously determined Plaintiff's age as of the application date, when she was 48 years old and classified as a younger individual. AT 26. Thus, the first factor is not met. *See Lockwood*, 616 F.3d at 1071-72. Second, the ALJ cited to 20 C.F.R. 416.963 (the "borderline age rule") in the decision, but did not cite to subdivision (b), which discussed the borderline age issue. It is unclear whether the ALJ cited this section to indicate he was considering Plaintiff's borderline age, or whether he was citing this because he was providing a citation for "a younger individual." *See, e.g.*, *Janice B. R.*, 2019 WL 4140921, at *4; *Hardin*, 2016 WL 6155906, at *4; *Parks v. Colvin*, 2015 WL 8769981, at *4 (C.D. Cal. Dec. 14, 2015). Accordingly, the second factor is not met. Third, the ALJ relied on testimony from a vocational expert about the impact of multiple factors on Plaintiff's ability to work. However, at the hearing, the ALJ did not mention the borderline age rule or Plaintiff's approaching 50th birthday to the vocational expert. AT 50-53. This suggests that Plaintiff's upcoming change in age category was not considered. Further, the ALJ did not mention Plaintiff's borderline age in the November 26, 2024 decision. Therefore, the third factor is not met. *See Parks*, 2015 WL 8769981, *4 (where ALJ never asked vocational expert to consider a hypothetical claimant closely approaching advanced age, and the vocational expert never suggested the testimony was in regard to such a claimant, ALJ's reliance on vocational expert testimony did not show consideration of the borderline age issue).

Accordingly, the Court finds the ALJ erred by not considering Plaintiff's borderline age. Defendant argues that even if the ALJ used the older age category, Plaintiff would have still been found not disabled under the Grids. Def. MSJ at 11. However, the ALJ did not make this determination and courts have found that this determination is not for the district court to make. *See Allsberry v. Kijakazi*, 2022 WL 493121, at *6 (E.D. Cal. Feb. 17, 2022); *Hardin v. Colvin*, 2016 WL 6155906, at *5 (C.D. Cal. Oct. 21, 2016).

9

Therefore, the Court remands this matter for development of the record on the age factor and further proceedings.

### B. Conservative Treatment

In Plaintiff's challenge to the ALJ's evaluation of the medical opinion of Dr. William Pistel, Pl. MSJ at 7-10, Plaintiff argues that Plaintiff's treatment was not conservative. Without reaching the ALJ's overall evaluation of Dr. Pistel's opinion, which may very well be supported by substantial evidence, the Court agrees that Plaintiff's treatment was not conservative.

Courts consider treatment with over-the-counter pain medication, physical therapy, and even injections in some cases to be conservative treatment. *See Hanes v. Colvin*, 651 F. App'x 703, 705 (9th Cir. 2016); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). The ALJ appeared to rely on the fact that Plaintiff did not receive total shoulder replacement surgery and Plaintiff only had over-the-counter pain medication and patches to conclude that her treatment was conservative. *See* AT 23-24, 25. As to the total shoulder replacement surgery, Plaintiff's physician did not perform a total shoulder replacement due to concerns about her age as the procedure should wait until Plaintiff was older. AT 24, 432, 469, 527, 533, 536. In addition, though Plaintiff did not undergo total shoulder replacement surgery, Plaintiff did undergo surgery on her shoulder in July 2024 as the ALJ noted, and surgery is not considered conservative treatment. *See* AT 24, 469, 492; *Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022).

Second, Plaintiff's treatment with over-the-counter pain medication rather than prescription pain medication is not a valid reason to conclude that her treatment is conservative. Plaintiff explained that she does not take prescription pain medication because of her history with substance abuse and because Plaintiff is on methadone, as demonstrated by the record. *See* AT 24, 42-43, 286, 293, 314, 323, 325, 341, 434, 526, 535, 545.

Because the Court has determined that remand is necessary, the Court declines to reach the parties' remaining arguments.

## V.     CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether Plaintiff was, in fact, disabled during the relevant period. On remand, the ALJ is free to develop the record as needed, but must address Plaintiff's borderline age and properly evaluate the medical opinion evidence, including the nature of Plaintiff's treatment. The Court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The Court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find Plaintiff disabled during the entirety of the relevant period; may find Plaintiff eligible for some type of closed period of disability benefits; or may find that Plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal

standards and is supported by the record as a whole.

Because further proceedings are required, the Court declines to reach the parties' other contentions.

**ORDER**

Accordingly, the Court ORDERS:

1. Plaintiff's motion for summary judgment (ECF No. 10) is GRANTED;
2. The Commissioner's cross-motion (ECF No. 12) is DENIED;
3. The Clerk of the Court enter judgment for Plaintiff; and
4. The matter be remanded for further administrative proceedings consistent with this order.

Dated: 11/12/25

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, moor.0390.25